## Consolidated Home Furnishing Co. v. Getson

Before MacNeille, P. J., Milner and Mawhinney, JJ., en banc.

*Harry H. Wexelblatt*, for plaintiff.

*Michael J. O'Donnell* and *Joseph A. Hagerty, 3rd*, for defendants.

PER CURIAM, November 9, 1951.—Plaintiff brought a bill in equity in this case to restrain defendant, who was a former employe of plaintiff, from alleged violation of a restrictive covenant against competition which was ancillary to defendant's contract of employment. The sole question in the case is whether the agreement in partial restraint of trade which was ancillary to defendant's contract of employment is supported by good and valuable consideration under the applicable law and is binding on defendant. The chancellor answered the question in the negative and dismissed the bill in equity. Plaintiff has filed three exceptions to the adjudication which we are now considering. The exceptions are as follows:

"1. The plaintiff excepts to the finding of fact no. 7, as follows:

" '7. The defendant received no consideration for the agreement of July 23, 1948.'

"2. The plaintiff excepts to the finding of fact no. 8, as follows:

" '8. The defendant was the member of a union which had a collective bargaining contract with the plaintiff under the terms of which employees of the plaintiff were required to give the plaintiff two weeks notice of their intention to leave the plaintiff's employ

and the plaintiff agreed not to discharge any employee, except for good and sufficient cause, which shall include, but not be limited to dishonesty, disloyalty and incompetence. The defendant gave the plaintiff the required two weeks' notice of his intention to leave the plaintiff's employe and voluntarily severed his employment with the plaintiff and was not discharged.'

"3. The trial judge erred in dismissing the bill at costs of the plaintiff."

Defendant entered in the employ of plaintiff under a written agreement of employment on July 16, 1945. This employment was terminable at will. On July 23, 1948, he signed an ancillary agreement where in consideration of his employment by plaintiff he agreed that upon termination of the employment he would not engage in a competing business for the period of one year within the area in which he was engaged while in plaintiff's employ. Under the ancillary agreement the employment of defendant was still terminable at will. As stated by the chancellor, "the only consideration recited in the ancillary agreement is the employment of the defendant, a consideration already flowing to him under the terms of the original contract of employment of July 16, 1945". The chancellor held that a good and valuable consideration for a contract in partial restraint of trade must be affirmatively shown in order to make the contract valid and that when a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration is a nullity; and the ancillary agreement was therefore unenforcible. With this conclusion we agree.

Plaintiff suggests that defendant received consideration for the ancillary restrictive agreement of July 23, 1948, in that he received "benefits of a new union contract, which was executed on July 28, 1948", under which the employer agreed with the union that it would not discharge an employe member of the union except

for good cause, and also agreed with the union to pay its employes an increased car allowance or automobile expense and that it would not split or take away a salesman-collector's route without his consent and that of the union. The president of plaintiff corporation was unable to state what was given to Getson as consideration for the ancillary restrictive agreement except the removal of the threat that he would discharge him if he did not sign it. But the employment being at will the contract was always terminable at will.

It is clear that Getson received no new consideration for the ancillary agreement. The contract with the union was a collective bargaining contract between the employer and the union. Getson was not a party to it. The employer had a collective bargaining contract with the union prior to the execution of the ancillary contract with the defendant, which likewise provided that the employer would not discharge an employe except for good cause and would not split or take away a salesman-collector's route without his consent and that of the union. It also provided for a car allowance practically the same as that in the new contract which merely adjusted the same allowance on a more equitable basis. This union contract, which was in existence prior to the signing of the restrictive agreement, expired on June 30, 1948, and although the actual signing of the so-called new union contract was not accomplished until July 28, 1948, this was because the negotiations were protracted over the end of the month of June, but the new union contract was antedated July 1, 1948, so that there would be "a continuity of contracts", and by its terms it clearly covers the whole period from July 1, 1948, to January 2, 1952. This is quite usual in union negotiations and the contract was clearly retroactive. It naturally follows that when the restrictive agreement was signed by Getson on July 23, 1948, he already had the benefits of the union contract and

furthermore he was not discharged; he voluntarily left the employ of the plaintiff. It is also to be noted that there is no evidence in the record whatever that the benefits of the union contract were offered as a consideration for or an element in the bargained for exchange between the parties or that the minds of the parties met in regard thereto. The same statement applies with equal force to plaintiff's contention that the signatures of other employes to restrictive contracts similar to the one signed by defendant constituted a consideration for defendant's contract and it is difficult to conceive how they would constitute a good consideration for defendant's ancillary agreement.

The exceptions raise substantially the same questions which were raised at the trial and are fully answered by the chancellor in his adjudication. We have reviewed and examined the facts found by him and are of the opinion that they are amply supported by the competent and credible evidence adduced in the case. We have also reviewed the inferences which the trial judge drew from the facts so found, the analyses he made of them and the conclusions he drew from them, and concur therein. We have also reviewed and examined the conclusions of law reached by the chancellor and his order dismissing the bill of complaint and the reasons assigned therefor and the authorities relied upon and concur in his conclusions of law and the order he made. Aside from what has been said above there is little we can add to what the chancellor has so fully set forth in his adjudication. Plaintiff's exceptions are therefore dismissed and we enter the following

### Final. Decree

And now, November 9, 1951, upon consideration of the foregoing case, it is ordered, adjudged and decreed

that the bill in equity filed herein by Consolidated Home Furnishing Co., plaintiff, against Edward Getson, defendant, be and it hereby is dismissed, plaintiff to pay the costs.